IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIE BRUNO,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 25-CV-6931 |
| BUCKS COUNTY PRISON, *et al.*,<br>    Defendants. | :<br>:<br>: |

**MEMORANDUM**

**SÁNCHEZ, J.**                                                                                                        **DECEMBER 15, 2025**

      Christie Bruno filed this civil rights action naming Bucks County Correctional Facility ("BCCF" (incorrectly identified in the caption as "Bucks County Prison")), Primecare Medical, Inc. ("Primecare"), Victoria Gessner, Warden David Gaglione, David Kerr, and Deputy Warden Carl Metellus as Defendants. Bruno also seeks leave to proceed *in forma pauperis* and the appointment of counsel. For the following reasons, leave to proceed *in forma pauperis* will be granted, and the Complaint will be dismissed with leave to amend.

**I.     FACTUAL ALLEGATIONS**[1]

      Bruno was incarcerated at BCCF for an unstated period.[2] She alleges that she entered the facility with a serious medical need related to withdrawal and detox that required immediate

---

[1] The factual allegations are taken from Bruno's Complaint (ECF No. 2), to which the Court adopts the sequential pagination assigned by the CM/ECF docketing system. On statutory screening, the Court may also consider publicly available court records. *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed.

[2] A review of court records from the Bucks County Court of Common Pleas reveals that Bruno has numerous convictions in Bucks County. In her most recent cases, she was convicted by way of a guilty plea on August 24, 2022 on charges of providing a false identification to a law enforcement officer and disorderly conduct. *See Commonwealth v. Bruno*, CP-09-CR-0002364-2022 (C.P. Bucks). The docket does not reflect any punishment for the convictions. In a

medical monitoring and detox medication. (Compl. at 2.) She notified Primecare "staff" of her symptoms and requested detox medication but they allegedly refused to provide detox medication or proper medical monitoring and she experienced petit mal seizures and a stroke. (*Id*.) Bruno repeatedly attempted to put in sick call requests but "was denied access to the sick call process, preventing her from filing requests for medical attention." (*Id*.) She claims that BCCF "staff, Primecare staff, and the Warden were aware of [her] medical needs and attempts to obtain help, yet failed to act demonstrating deliberate indifference." (*Id*.) Bruno asserts a claim based on deliberate indifference to her serious medical needs, a *Monell* claim[3] against Bucks County because it "maintained unconstitutional policies customs, or practices that resulted in inadequate detox procedures," and a claim against Primecare based on its policies or practices "that resulted in delays, denial of treatment, and inadequate medical care." (*Id*. at 3.) She seeks money damages.

## II. STANDARD OF REVIEW

The Court grants Bruno leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

---

different case, *Commonwealth v. Bruno*, CP-09-CR-0000970-2022 (C.P. Bucks), Bruno pled guilty on May 27, 2022 to possession of controlled substances and drug paraphernalia, and driving on a previously suspended or revoked license and was sentenced to a probationary term of 24 months. It is unclear from these records when or why Bruno was detained at BCCF.

[3] *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) (setting forth the elements of municipal liability for civil rights violations).

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because Bruno is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.   DISCUSSION

Bruno asserts constitutional claims based on lack of medical treatment.[4] The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.     Claims Against BCCF and Bucks County

Bruno names BCCF as a Defendant. It may be that Bruno intended to name Bucks County as the Defendant, even though she did not list the municipality in the caption of the Complaint, since she appears to allege a *Monell* claim. (*See* Compl. at 3 (asserting *Monell* claim against Bucks County).) Construing her Complaint liberally, the Court will consider both entities to be named Defendants. The § 1983 claim against BCCF must be dismissed because a county jail is not a "person" under Section 1983. *Falcey v. Bucks Cnty., Pennsylvania*, No. 24-2770, 2024 WL 4205586, at *3 (E.D. Pa. Sept. 16, 2024) (holding that BCCF is not a "person" under § 1983); *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010).

Local governments can be liable as "persons" under § 1983, however, this liability extends only to "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis

---

[4] Because it is unclear when and why Bruno was detained at BCCF it is also unclear whether she was being held as a pretrial detainee, serving a sentence, or detained due to a probation violation. If she was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs her claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment for convicted prisoners and the Fourteenth Amendment for a detainee's claims related to medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (*per curiam*); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *see Monell*, 436 U.S. at 665-83. This limitation is based on the well-established principle that municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (emphasis in original). Rather, to state a § 1983 claim against a municipality, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur*, 475 U.S. at 479 (emphasis in original). Additionally, in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Bruno's allegations about a policy of Bucks County fail to allege a plausible *Monell* claim. To be plausible, the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v.*

5

*Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).  This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged.  *Id.*  Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support a claim against the City.  *See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).  Bruno's *Monell* claim against Bucks County is based on a single, conclusory allegation that paraphrases the standard.  She asserts only that Bucks County "maintained unconstitutional policies customs, or practices that resulted in inadequate detox procedures."  (Compl. at 3.)  She fails to allege with any specificity what exactly that custom or policy was, and fails to allege plausibly how the policy caused her injury.  Accordingly, any *Monell* claim cannot proceed as pled.  Given her *pro se* status, the Court will allow Bruno to file an amended complaint if she is able to allege additional facts to support a *Monell* claim against Bucks County.

   **B.**  **Claims Against Primecare**

Bruno also names Primecare based on its policies or practices "that resulted in delays, denial of treatment, and inadequate medical care."  (Compl. at 3.)  A private corporation under contract to provide medical services at a jail or prison may be liable under § 1983 in certain circumstances.  But the United States Court of Appeals for the Third Circuit has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'"  *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (*per curiam*) (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (applying *Monell* to claims against

6

medical contractor)). Rather, in order to hold a private health care company like Primecare liable for a constitutional violation under § 1983, a plaintiff must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d at 583-84 (citing *Bd. of the Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Phila.*, No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted). A plaintiff may also state a basis for liability against an entity like Primecare by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). The medical provider's "failure to train or supervise must amount to a policy or custom in disregard of an obvious risk that its employees or agents would commit constitutional violations." *Ponzini v. PrimeCare Med., Inc.*, 269 F. Supp. 3d 444, 526 (M.D. Pa. 2017), *aff'd in part, vacated in part on other grounds sub nom. Ponzini v. Monroe Cnty.*, 789 F. App'x 313 (3d Cir. 2019).

As with her *Monell* allegation against Bucks County, Bruno's conclusory allegation that Primecare's policies or practices resulted in delays, denial of treatment, and inadequate medical care fails to allege a plausible claim. She does not identify the specific policy and does not allege how a policy caused a constitutional violation. The Court will permit amendment of this claim as well.

      C.      **Claims Against the Individual Defendants**

Bruno names several individuals who may be employees of either Bucks County or Primecare, but that is not clear. These claims are also not plausible. Other than listing Victoria Gessner, David Kerr, and Deputy Warden Carl Metellus in the caption, Bruno does not allege how any of these individuals was personally involved in a violation of her constitutional rights. Any § 1983 claim against them is, therefore, not plausible due to the lack of any allegation of personal involvement. *Rode*, 845 F.2d at 1207; *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); *Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Bruno's allegations about "staff" are also insufficient to allege a claim against any of the individual Defendants because, where there are multiple events and defendants at issue, alleging personal involvement often cannot be accomplished by repeatedly and collectively referring to the "Defendants" as a group without clarifying the specific basis for each Defendant's liability. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (agreeing with the district court that the repeated and collective use of the word "Defendants" "fail[ed] to name which specific Defendant engaged in the specific conduct alleged'").

The only allegation concerning Warden David Gaglione is that he is "responsible for operations, policies and inmate safety" at BCCF. (Compl. at 2.) This too fails to allege a plausible claim because generalized allegations that a supervisory defendant is "in charge of" or

"responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.' However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)). Also, liability under § 1983 cannot be predicated on a *respondeat superior* basis. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 2015); *Robinson v. Delbalso*, No. 22-2378, 2022 WL 17248100, at *2 (3d Cir. Nov. 28, 2022) (*per curiam*).

Rather, "[s]uits against high-level government officials must satisfy the general requirements for supervisory liability." *Wharton v. Danberg*, 854 F.3d 234, 243 (3d Cir. 2017). There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Chavarriaga*, 806 F.3d at 227. Also, if, as Bruno appears to allege here, "a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir.

2004); *see also Carter v. Smith*, 483 F. App'x 705, 708 (3d Cir. 2012) (*per curiam*) ("Prison officials cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff."). For these reasons, the claims against Warden Gaglione and the other individual Defendants will also be dismissed with leave to amend.

IV. **CONCLUSION**

For the reasons stated, Bruno's Complaint will be dismissed without prejudice. An order will be entered providing Bruno with information about filing an amended complaint.

**BY THE COURT:**

_____
**JUAN R. SÁNCHEZ, J.**